UNITED STATES of America,
Plaintiff–Appellee,

v.

Humberto Sergio GARZA, Gary Ben Jordan, and Noe Muniz, Jr., Defendants–Appellants.

No. 88–2485.

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1989.
Rehearing Denied Nov. 27, 1989.

Joseph A. Connors, III, Joe A. Cisneros, McAllen, Tex., for defendants-appellants.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, Christopher L. Milner, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and SMITH, Circuit Judges.

GEE, Circuit Judge:

Today we decide whether certain improper statements made by a prosecutor during closing argument to a jury were so prejudicial as to require reversal.

*Facts*

The appellants were convicted and sentenced to terms of imprisonment for conspiring to make and for making false statements and representations to federally licensed firearms dealers in violation of 18 U.S.C. Sections 924(a) and 2. They appeal, claiming that certain comments made by the prosecuting attorney during closing argument were improper and prejudicial.

In response to an argument made by the lawyer for defendant Moraida—who is not a party to this appeal—the prosecutor argued and defense counsel objected as follows:

[MR. MILNER]: Mr. Ramirez indicated that there was not enough evidence from which any jury could convict the defendant, Moraida, and that if any jury convicted him, they would be convicting an innocent man. I am here to assure you that if there were not sufficient evidence, Judge Vela would have directed a verdict of acquittal and this matter would not—

MR. YZAGUIRRE: We ask for mistrial on that, Your Honor. Now that is—

THE COURT: Objection is overruled. Motion is denied.

Ladies and gentlemen of the jury, any time that the attorneys make reference to the law and it is not consistent with that which I give you, you are to disregard what the attorneys told you.

MR. CISNEROS: With all due respect to this honorable jury, I strongly object on the grounds that he has implanted in the minds of these jurors the Court has determined that there is sufficient evidence to convict, Your Honor. At this time we ask the Court to instruct the jury to disregard that comment.

THE COURT: Request is denied.

MR. CISNEROS: Now we move for a mistrial.

THE COURT: Request is denied.

MR. YZAGUIRRE: Note our exception.

MR. MILNER: I feel compelled to complete my remark because it was incomplete. Were there not sufficient evidence, which if you believe it to be true, could support a verdict of guilty in this case, the matter would not be before you. Now, whether you believe it or not—

MR. CISNEROS: Again object.

MR. YZAGUIRRE: Please caution the U.S. Attorney—

MR. CISNEROS: I ask the Court again to instruct the jury to disregard vigorously and also, Your Honor, at this time move for mistrial?

THE COURT: Denied. Objection is overruled.

MR. CISNEROS: My request for mistrial is denied also?

THE COURT: Denied.

MR. MILNER: You heard all the testimony. You decide whether the Defendant Moraida's guilt has been shown beyond a reasonable doubt. If you feel that it has, find so. If you don't, find him not guilty. No one is going to quarrel with your verdict.

Finally, with respect to Defendants Noe Muniz, Gary Ben Jordan, Humberto Sergio Garza and Fernando Pena. The battle lines are clearly drawn here. It is not even a matter of how do we interpret the evidence. It is a matter of black and white. Either they are lying or all the Government's witnesses are lying. It is as simple as that. There is no in-between, middle ground.

### Discussion

■■■ We will not overturn a conviction because of a prosecutor's jury argument unless the prosecutor's remarks were both inappropriate and harmful. *United States v. Chase*, 838 F.2d 743, 749 (5th Cir.1988). As this court has previously stated, "[a] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone." *United States v. Lowenberg*, 853 F.2d 295, 302 (5th Cir. 1988). Rather, we must analyze the closing argument in the context of the entire case to determine whether it affected substantial rights of the accused. *See Chase* at 749. We must decide whether as a result of the prosecutor's remarks serious doubt is cast on the correctness of the jury's verdict. *United States v. Jones*, 839 F.2d 1041, 1049 (5th Cir.1988). In reaching this decision, we must consider: "1) the magnitude of the prejudicial effect of the statements; 2) the efficacy of any cautionary instruction; and 3) the strength of the evidence of the defendants' guilt." *United States v. Iredia*, 866 F.2d 114, 117 (5th Cir.1989).

■■■ Applying these criteria to the instant case we find that, though the prosecutor's remarks were inappropriate, they

were not harmful to the appellants. The prosecutor's statements were made in direct response to the argument made by counsel for Moraida. The prosecutor specifically referred to and confined the comments here complained of to defendant Moraida. Only later did he mention defendants Jordan, Garza, and Muniz. There was a clear break between the end of the prosecutor's arguments regarding defendant Moraida and the beginning of his arguments regarding the defendants Jordan, Garza and Muniz. Defendants Jordan, Garza, and Muniz, were not prejudiced by the prosecutor's improper statements.

Further, the district judge cautioned the jury at the time the statements were made. In addition, at the close of the arguments, the district judge further instructed the jury:

> Remember I told you that what the attorneys told you in their opening statements was not evidence and what the attorneys told you in their final arguments was not evidence. When we began this trial I had no opinion. If ever during the course of this trial I gave you any reason to believe that I had an opinion about the case, you were to disregard it. As a matter of fact, I suppose under Federal rules I could possibly express an opinion. But I consider that to be an invasion of what is exclusively your province. So if I engaged in any conduct that caused you to believe that I had an opinion about this case, you are to disregard it.

These instructions effectively eliminated any prejudicial effect the prosecutor's statements might have had on the appellants.

Finally, there was sufficient evidence of appellants' guilt to sustain the jury's verdict. The prosecutor's statements were harmless.

We have examined the other contentions raised by the appellants and conclude that they do not merit discussion.

AFFIRM.